WILSON, District Judge,
concurring in the judgment:
As I view it, the overarching issue in this appeal is reduced to this: does Liberty’s contractual right with GTN, a third party, to allocate principal and interest, that is, to call payments from that guarantor what it wants to call them, preclude the Bankruptcy Court from calling those payments what they are vis-a-vis the bankrupt *304 debtor. That is, can Liberty allocate its way around § 502(b)(2)’s disallowance of unmatured interest. In my view to do so is to simply call a rose by another name.* Accordingly, I concur in the judgment.

 Two preliminary observations simplify the playing field for me. First, I do not believe that Judge Shedd’s opinion challenges Liberty’s contractual rights under its guarantee from GTN to allocate principal and interest in any fashion it sees fit in relation to GTN. Second, we are not compelled to explore Liberty’s right to recover from NEGT under NEGT’s guarantee because the Bankruptcy Court disallowed Liberty’s claim against NEGT and Liberty did not appeal. Indeed, at the risk of oversimplification, NEGT seems to be little more than a cheerleader for ET Power or a surrogate for GTN in this appeal. The real dispute, therefore, is only between the primary obligor and its creditor.